IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MICHAEL COX and DEBBIE SCHMITT**                                    **PLAINTIFFS**

**V.**                              **CASE NO. 3:22-CV-3060**

**AUTO OWNERS INSURANCE COMPANY**                                      **DEFENDANT**

## OPINION AND ORDER

Defendant Auto Owners Insurance Company removed the instant matter to this Court from the Circuit Court of Marion County, Arkansas, on October 25, 2022. The Notice of Removal (Doc. 2) states that the basis for federal jurisdiction is complete diversity of citizenship, plus an amount in controversy exceeding $75,000.00, per 28 U.S.C. § 1332(a)(1). This case involves an insurance claim for the cost to replace a heating, ventilation, and air conditioning ("HVAC") unit in Plaintiffs' home. The unit was allegedly damaged beyond repair after lightning struck the home and caused a power surge. Plaintiffs contend that the HVAC unit was covered under the policy, but Auto Owners refused to reimburse Plaintiffs the $12,578.00 they spent replacing the damaged unit with a similar one. The Complaint asserts claims against Auto Owners for breach of contract, breach of fiduciary duty, and bad faith, and Plaintiffs demand damages in an amount "to exceed the amount of $12,578.00 for the cost of replacing their . . . HVAC unit, plus the 12% statutory penalty [pursuant to Ark. Code Ann. § 23-79-208(a)(1)] and costs and attorney's fees." (Doc. 3, p. 6).

After the case was removed, Plaintiffs filed a Motion to Remand (Doc. 7) and Brief in Support (Doc. 8) arguing it is implausible that the amount in controversy exceeds $75,000.00 given the facts and legal claims asserted in the Complaint. Plaintiffs note

1

that on their best day in court, they would collect $12,578.00, the cost of the replacement HVAC unit, plus a 12% penalty of $1,509.36. Plaintiffs agree they would also be entitled to a fee award if they prevailed, but that award would not exceed damages by a factor of five, which is what would be needed to exceed the jurisdictional minimum.

To defeat a motion to remand, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the federal court's minimum threshold for jurisdiction. *In re Minn. Mut. Life Ins. Co. Sales Prac. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this standard, a defendant "need not prove that the damages 'are greater than the requisite amount,' only that a fact-finder 'might legally conclude that they are.'" *Hurst v. Nissan N.A., Inc.*, 511 F. App'x 584, 585 (8th Cir. 2013) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)). Once the preponderance standard is met, the plaintiff may only avoid litigating in federal court by showing "that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell*, 557 F.3d at 959.

Auto Owners suggests in its Brief in Opposition to the Motion that "[a] jury *might* award conclude [sic] that [Plaintiffs'] claims exceed $75,000 in value." (Doc. 10, p. 4) (emphasis in original). But Auto Owners fails to follow up this suggestion with any specific facts from the Complaint. Auto Owners posits that damages for breach of contract *could* exceed $12,578.00 and that more damages could be awarded to Plaintiffs should they also prevail on their claim for bad faith. As for attorney's fees, Auto Owners observes that "Arkansas courts have a history of awarding significant amounts in attorney's fees to prevailing parties in insurance and breach of contract issues." *Id.* at p. 6.

Having considered the Complaint and the parties' briefing, the Court finds it is

legally impossible for Plaintiffs to recover in excess of the jurisdictional minimum, considering the facts and claims asserted in the Complaint. Certainly, the "legal impossibility" bar is a high one to meet; however, this case only involves a demand for reimbursement of the cost of an HVAC unit valued at $12,578.00. Auto Owners is correct that the Complaint also contains a claim for bad faith, but it is not likely that such a claim is plausible. Bad faith requires "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, as or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628 (2005). The Complaint merely asserts that Auto Owners "failed and refused to fully pay for the Plaintiffs' loss without justification." (Doc. 3, ¶ 32). Arkansas law is clear that "[t]he tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426 (2008).

Since the breach of contract claim—including the 12% penalty—is worth less than $15,000.00, it is unfathomable that Plaintiffs' litigation expenses would be more than five times that amount. Accordingly, the Motion to Remand (Doc. 7) is **GRANTED**.

**IT IS ORDERED** that the Clerk of Court immediately remand this case to the Circuit Court of Marion County, Arkansas.

**IT IS SO ORDERED** on this 8th day of December, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE